APPEAL NO.: 22-11175-E

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

UNITED STATEES OF AMERICA
Plaintiff/Appellee

-vs-

JOSEPH SANFILIPPO
Defendant/Appellant

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

DIST. CT. NO. 1:21-CR-60006-ALTMAN

---

## **APPELLANT'S INITIAL BRIEF**

---

HUMBERTO R. DOMINGUEZ, ESQUIRE
Humberto R. Dominguez, P.A.
9100 S. Dadeland Boulevard, Suite 1500
Miami, Florida 33156
Email: Bert@hdominguezlaw.com
Tel: (305) 373-6400
Bert@hdominguezlaw.com
COUNSEL FOR APPELLANT

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to 11th Cir. R. 26-1, I hereby certify that the persons listed below are interested in the outcome of this case:

1. Altman, Hon. Roy K.

2. Bardfeld, Laurence

3. Fajardo Orshan, Ariana

4. Dimitrouleas, Hon. William P.

5. Gonzalez, Juan Antonio

6. Grove, Daren

7. Hapner, Adam M.

8. Hunt, Hon. Patrick M.

9. Mulvihill, Thomas J.

10. Rubio, Lisa T.

11. S., M.

12. Sanfilippo, Joseph A.

13. Snow, Hon. Lurana S.

14. Valle, Hon. Alicia O.

No publicly traded company or corporation has an interest in the outcome of this appeal.

## CERTIFICATE OF STYLE AND FONT

This brief is written in 14-point Times New Roman.  To the best of Counsel's information and belief, it is 10 pitch.

## **TABLE OF CONTENTS**

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement    I

Certificate of Style and Font    II

Table of Contents    III

Table of Authorities    IV

Jurisdictional Statement    1

Statement Regarding Oral Argument    1

Statement of Issues    1

Statement of the Case    **2**

Summary of the Argument    7

Argument

    WITHOUT THE CONSENT OF THE DEFENDANT, THE
FILING OF AN INFORMATION DOES NOT TOLL THE
STATUTE OF LIMITATIONS    9

    A. THE FILING OF THE SANFILIPPO INFORMATION
    DID NOT TOLL THE STATUTE OF LIMITATIONS    9

Conclusion    14

Relief Requested    15

Certificate of Compliance    15

Certificate of Service    16

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                          **Page(s)**

*Rinaldi v. United States*, 434 U.S. 22, (1977)                                   12

*United States v Dyal*, 868 F.2d 424, (11th Cir. 1989                             11,12

*United States v. Ellis,* 622 F. 3d 784, (7th Cir. 2010)                          10

*United States v. Machado*, 2005 WL 2886213, D. Mass. Nov. 3, 2005)               11, 13

*United States v. Montgomery*, 628 F.2d 414, (5th Cir. 1980)                      11

*United States v, Moore*, 37 F.3d 169, (5th Cir. 1994)                            11

*United States v. Salinas*, 693 F.2d 348, (5th Cir. 1982)                         12

*United States v Teran*, 98 F.3d 831, (5th Cir. 1996)                             10

*United States v Thompson,* 287 F. 3d 1244, (10th Cir. 2002)                      10

*United States v Wessels*, 139 F.R.D. 607, (M.D. Pa. 1991)                        11

*Young v. United States,* 354 F.2d 449, (10th Cir.1965)                           13

IV

**Statutes**

18 U.S.C. § 3282                                                   *in passim*

**Rules**

Fed. R. App. P. 25(d)                                              16

Fed. R. App. P. 32(a)(7)(B)

Fed. R. Crim. P. 7                                                 *in passim*

Fed. R. Crim. P. 10                                                12

11th Cir. R. 26-1

**Other Materials**

Lowell, Abbe David, *Problems with Federal Courts Tolling Statutes of*      *2*

*Limitations*, Last revised on May 7, 2020,

https://www.law360.com/articles/1270318.

## JURISDICTIONAL STATEMENT

Title 28 U.S.C. § 1291 provides that the court of appeals shall have jurisdiction of appeals from all final decisions of the district court of the United States, except where a direct review may be had in the Supreme Court.

The United States District Court, Southern District of Florida, had jurisdiction pursuant to 18 U.S.C. § 3213. This is an appeal is from the Amended Order Denying Defendant's Motion to Dismiss the Indictment, entered on November 16, 2021. ECF No. 21. Judgment and Conviction entered by the District Court on March 28, 2022. ECF No. 42. The Appellant timely filed his Notice of Appeal on April 11, 2022. ECF No. 43.

## STATEMENTS REGARDING ORAL ARGUMENT

The issues presented are first impressions in this Circuit. The Appellant, JOSEPH SANFILIPPO, requests oral argument.

## STATEMENT OF THE ISSUES

Whether the District Court erred in Denying the Defendant's Motion to Dismiss the Indictment for Violation of the Statute of Limitations wherein the Government filed, and later dismissed an Information, to which, the

1

Defendant had not waived his right to an Indictment, in an attempt to toll or extend the statute of limitations when the statute of limitations had run.

## STATEMENT OF THE CASE

During the COVID-19 pandemic, the Southern District of Florida imposed a temporary grand jury moratorium. Due to the moratorium, the government, in an attempt to end-run the statutorily established statute of limitations in order to grant itself an extension – an extension that Congress expressly declined to grant[1]. The Government's concocted a work-around, just before the Statute of Limitations would expire, by filing an unconsented to Information[2], in an attempt to toll the statute of limitations goes against the very purpose and meaning of the requirement that criminal charges may only be instituted as set forth in the Federal Rules of Criminal Procedure, Rule 7 within the statutorily defined period. There is no dispute that the Indictment was returned and filed *after* the statute of limitations had expired. The only issue remaining is whether the filing of an Information, when under the merits of the case no prosecution could take place, serves to toll the statute of limitations under 18 U.S.C. § 3282.

### Course of Proceedings, Disposition in the District Court and Statement of Facts

---

[1] Abbe David Lowell, et al., Problems with Federal Courts Tolling Statutes of Limitations, LAW 360 (May 7, 2020), https://www.law360.com/articles/1270318. Of note, at oral argument, the Government stated that it does not seek to toll the statute of limitations in this case by any means (e.g., equitable tolling) other than 18 U.S.C. § 3288.

[2] The Information at issue was filed in the Southern District of Florida, Case Number: 20-60112-WPD/SNOW

On October 23, 2020, the Government filed an Information against the Appellant, charging him with four Counts of Wire Fraud in violation of 18 U.S.C. § 1343, during a time period between October 28, 2015 and November 2, 2015; the Government also charged the Appellant with four Counts of Structuring in violation of 31 U.S.C. § 5324, during a time period between October 29, 2015 and November 4, 2015. The Appellant did not consent to the filing of these charges by Information, either before or after the Information was filed.

Grand Juries in the Southern District of Florida were reconvened on November 17, 2020, and the Government indicted the Appellant – on the same eight Counts – on January 14, 2021. *See* Indictment, ECF No. 1. On February 26, 2021, the Government filed an Order of Dismissal, citing that "the Defendant did not have counsel and had not indicated that he would proceed by Information." *See* Order of Dismissal ("Order"), ECF No. 5, Case No.: 20-60112-CR-WPD/SNOW. The Government did not serve the Appellant with the Information, or otherwise advise the Appellant of its existence. In its Order of Dismissal, the Government claimed that because of "concerns about the running of the statute of limitations on certain counts in this particular case, the government filed the instant Information on October 23, 2020, to 'institute' the prosecution within the meaning of 18 U.S.C. § 3282(a)." *See id*.

3

The Government sought to dismiss the Information filed on October 23, 2020, in favor of the Indictment "which was obtained within the time period designation in 18 U.S.C. § 3288-89." *Id* at 2. It is well held law that an Information filed without a waiver from the Appellant cannot be used to prosecute the Appellant; in this case, the Government filed an Information, let it sit, never sought a warrant, and had it dismissed.

On March 26, 2021, the Appellant filed a Motion to Dismiss the Indictment for Violation of Statute of Limitations, ECF No. 9. The Appellant asserted that the Indictment should be dismissed as having been instituted after the expiration of the application limitations period. The government filed their response on April 9, 2021, ECF No. 10. In response to these filings, the district court ordered the Government and the Appellant to file supplemental briefing:

> "related to the issue of notice – including, but not limited to, (1) whether notice to the Defendant is required for the government to toll the statute of limitations under § 3282(a) with an u-consented-to information and/or whether notice is required for the subsequent filed indictment to 'relate back' to that information; (2) assuming notice is required, whether the actual or constructive notice suffices; and (3) whether an evidentiary hearing is necessary or appropriate to resolve factual disputes regarding Sanfilippo's notice."

The government filed its supplemental brief on August 24, 2021, ECF No. 17; and the Appellant filed his supplemental brief on September 7, 2021, ECF No.

18.  The district court entered an Amended Order on November 19, 2021, ECF

No. 21[3].  The district court found that:

> The Government, in short, satisfied the structures of § 3282 by
> instituting the Information *before* the statute of limitations
> expired. At the same time, we can't ignore the fact that the
> Information *was* defective.   Rule 7, after all permits the
> Government to 'prosecute[]' a defendant 'by information' only
> if the defendant 'waives prosecution by indictment. (Emphasis in
> original) [T]he Court hereby denies Sanfilippo's Motion to
> Dismiss the Indictment, ECF No. 9.

On November 30, 2021, the Defendant entered into a plea agreement with the

United States in which he would plea guilty to Count Four of the Indictment, which

charged him with wire fraud in violation 18 U.S.C. § 1343, during a time period

between October 28, 2015 and November 2, 2015.  The Appellant plead guilty to

Count Four of the Indictment after agreement between the parties indicated on the

record that depending on how the 11th Circuit Court of Appeals rules on *United*

*States v B.G.G.*, Appeal No.: 21-10165-RR[4], that if it "turns out [the government]

were in error by filing an information within the statute of limitations, and that's not

appropriate, we will come before the Court an – I'm not sure what the mechanism is

at that point, but I believe Mr. Sanfilippo will be exonerated at that point, just as a

---

[3] The District Court entered an Order on November 16, 2021, ECF No. 20, however, the filing of
the Amended Order vacated the original order.
[4] In *United States v. B.G.G.*, Appeal No. 21-10165-RR, the 11th Circuit did not rule on the statute
of limitations issue present in this case; the case was remanded back to the District Court as the
11th Circuit stated, "The question in this case is whether the district court abused its limited
discretion when it granted 'leave' to dismiss the Information against B.G.G. with prejudice."
Mandate 3-4, Case 9:20-cr-80063-DMM, ECF No. 27.

matter of fundamental fairness." Tr. of Change of Plea Hr'g 25-26, ECF No. 56.

Further, the below conversation took place between the parties, and the Honorable

Roy K. Altman during the Change of Plea Hearing:

> THE COURT:  What would we do at that -- I mean I agree with that, but what would we do?
>
> MR. BARDFELD:  I think what we would probably do is allow him to withdraw his guilty plea, and then we would have to dismiss the charges, because the statute of limitations had run, and he'd file a motion to dismiss based on the statute of limitations again, in which case it would be granted at that point.
>
> THE COURT:  Okay.  That makes sense to me. Mr. Dominguez, does that make sense to you?
>
> MR. DOMINGUEZ:  Yes, Your Honor.  Thank you very much.
>
> THE COURT:  Okay.
>
> All right.  That works for me.
>
> Mr. Sanfilippo, does that work for you?
>
> THE DEFENDANT:  Yes, it does, Your Honor.  Thank you.
>
> MR. BARDFELD:  And, Your Honor, it may get to the point that we hear that the Eleventh Circuit is deciding sooner rather than later.  We may ask for a brief extension of his sentencing.
> *Id* at 25.

On March 28, 2022, during the sentencing the statute of limitations

issue was raised, and the below was discussed:

> THE COURT: Now, by the way, the Eleventh Circuit might reverse me on the statute of limitations issue. He might serve no time. . . . I tried

my best to get it right. But I'm here to admit that it was a close call, and
it could go either way. I don't know which way it's going to go.

Tr. of Sentencing Hr'g 25, ECF No. 57.

The Court imposed a sentence of twenty-four months of imprisonment, and
restitution in the amount of $300,000.

## SUMMARY OF THE ARGUMENT

Although the Government knew that the five-year statute of limitations
against the Appellant would expire in November 2020, the Government did not
properly charge the Appellant with a crime before that date. A grand jury did not
indict him, and an Information was not properly instituted against him. The
Information filed on October 23, 2020, was invalid because it did not comply with
Fed. R. Crim. P. Rule 7. When the COVID-19 pandemic hit, the Department of
Justice asked Congress to extend the five-year statute of limitations because many
grand juries around the county were suspended. However, Congress definitively
rejected the Department of Justice's request, declining to extend the statute of
limitations. As a result of Congress's decline to extend the statute despite the limited
availability of grand juries, the Department of Justice had several options in cases
where the statute of limitations were expiring, most notably, they could have sought
an Indictment in a District with operating grand juries. For whatever reason, the
Government did not seek an indictment from another District, though nothing
prevented them from doing so; instead, they tried a work around to bypass the five-

year statute of limitations by filing the Information without the Appellant's consent, to later dismiss Information once an Indictment was returned by a grand jury.

## **ARGUMENT**

The premise of the Government's position is that due to the challenges brought on by the COVID-19 pandemic, it should be excused for its failure to provide the Appellant with his constitutional right to a timely Indictment returned by a grand jury, one of the most revered and instrumental principles of the American Legal System. Instead the Government contends that the existing procedural rules permit it to an extension of the statute of limitations by the mere filing and dismissing of an unconsented-to, information that is not viable for prosecution.

## **WITHOUT THE CONSENT OF THE DEFENDANT, THE FILING OF AN INFORMATION DOES NOT TOLL THE STATUTE OF LIMITATIONS**

### **A. The Filing of the Sanfilippo Information Did Not Toll The Statute of Limitations.**

The American Legal System has required that a grand jury indictment must be issued, or an information must be instituted within the applicable statute of limitations in order for a defendant to be prosecuted for a felony.  As set forth in the Fifth Amendment to the United States Constitution, "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."  Pursuant to 18 U.S.C. §3283(a), "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."  The Appellant was not indicted by a grand jury in the five-

year period following his last alleged criminal act. Accordingly, the only way his prosecution could go forward is if an information was instituted before November 4, 2020. It was not, and as a result the statute of limitations against the Appellant have run.

While it is correct that the Government filed an Information against the Appellant on October 23, 2020, the Government did not institute one. In order for a charging instrument to be "instituted", it must notably be filed, but must be actually effective to commencing a federal criminal case, which in the case of a felony charges means it must be accompanied by a signed waiver of indictment. *See* Fed. R. Crim. P. 7(b) ("An offense punishable by imprisonment for more than one year may be prosecuted by information *if* the defendant – in open court and after being advised of the nature of the charge and of the Defendant's rights – waives prosecution by indictment.") (Emphasis added). It is well established that a court lacks jurisdiction over a felony information if the Government has not obtained a valid signed waiver of indictment. Such an information no more institutes a case than does an indictment that was not issued by a grand jury[5]. *See United States v Teran*, 98 F.3d 831, 835 (5th Cir. 1996) ("In the absence of a valid waiver, the lack of an indictment in a felony prosecution is a defect affecting the jurisdiction of the

---

[5] An Indictment that is merely filed with the court, without having been acted on by the grand jury, has not been "Found" and cannot satisfy the statute of limitations. *See, e.g.*, *United States v. Ellis*, 622 F. 3d 784, 792 (7th Cir. 2010); *United States v Thompson*, 287 F. 3d 1244, 1251-52 (10th Cir. 2002).

convicting court."); *United States v, Moore*, 37 F.3d 169, 173 (5th Cir. 1994) ("Unless there is a valid waiver, the lack of an indictment in a federal felony case is a defect going to the jurisdiction of the court.") (quoting *United States v. Montgomery*, 628 F.2d 414, 416 (5th Cir. 1980); *United States v Wessels*, 139 F.R.D. 607, 609 (M.D. Pa. 1991) ("Unless there is a valid waiver, the lack of an Indictment in a federal felony case is a defect going to the jurisdiction of the court."). The "jurisdictional nature of the waiver is grounded in the Fifth Amendment, which requires the government to prosecute felonies by indictment. . . . [U]ntil a defendant has waived indictment pursuant to Rule 7(b), an information filed with the clerk of court cannot perform the same charging function as an indictment.  Indeed, a court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case; such an information is virtually meaningless." United States v. Machado, 2005 WL 2886213, at *2 (D. Mass. Nov. 3, 2005). See also Wessels, 139 F.R.D. at 609 ("Without the waiver required by Rule 7(b) of the Federal Rules of Criminal Procedure, an Information charging a felony offense is virtually meaningless."). Here, the Government did not obtain a waiver of indictment from the Appellant, either in open court as required by Rule 7(b) or otherwise; therefore, the Information filed was never instituted. Instead, the government acted in bad faith by seeking dismissal "to achieve a tactical advantage in derogation of the Defendant's rights or for the purpose of harassment." *United*

11

*States v Dyal*, 868 F.2d 424, 429 (11th Cir. 1989) ("One form of prosecutorial harassment is "charging, dismissing, and recharging. . . over the defendant's objection.") *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)(per curiam); *see also United States v. Salinas*, 693 F.2d 348, 353 (5th Cir. 1982) (explaining that "prosecutorial harassment involves charging, dismissing, and subsequently commencing another prosecution at a different time or place deemed more favorable to the prosecution"). Here, the government acted in bad faith by filing and dismissing of an Information, and the recharging of the same charges via Indictment by attempting to toll the statute of limitations, which indeed is more favorable to the prosecution; exactly what the Supreme Court has labelled harassing conduct. *Rinaldi*, 434 U.S. at 29 n.15.

Absent a waiver of indictment under Rule 7(b), an information purporting to charge a felony is not "instituted; to the contrary, it is a legal nullity, which is precisely why the government moved to dismiss it, "had not indicated that he would proceed by Information." Order of Dismissal 2, ECF No. 5, 20-60112-CR-WPD. It is the basics of criminal procedure, that a defendant cannot be arraigned on an information without a waiver. *See* Fed. R. Crim. P. 10, Adv. Comm. Notes to 2002 amendment. An information is "instituted" only when it is effective to "get established" or "commence" a federal criminal case, which in the case of a felony means it is accompanied by a waiver of indictment. Fed. R. Crim. P. 7(b). The

12

government lacked authority to file the information and to confer power on the Court to proceed on the charges.

In a case very similar to this one, the court reached this very conclusion. *United States v. Machado*, No. CRIM.A.04-10232-RWZ, 2005 WL 2886213 at 2* (D. Mass. Nov. 3, 2005) finding:

> First, the court has no subject matter jurisdiction over a prosecution in which the government has filed an information without obtaining a valid waiver of indictment. The jurisdictional nature of the waiver is grounded in the Fifth Amendment, which requires the government to prosecute felonies by indictment. Under the Federal Rules of Criminal Procedure, the government may prosecute non-capital felonies by information instead, but only when the defendant has waived indictment "in open court and after being advised of the nature of the charge." Fed.R.Civ.P. 7(b). Thus, until a defendant has waived indictment pursuant to Rule 7(b), an information filed with the clerk of court cannot perform the same charging function as an indictment. Indeed, a court in possession of an information but not in possession of a waiver of indictment lacks subject matter jurisdiction over the case; such an information is "virtually meaningless." *United States v. Wessels,* 139 F.R.D. 607, 609 (M.D.Pa.1991). Only when both the information and a valid waiver of indictment have been filed is the court vested with jurisdiction. *See Young v. United States,* 354 F.2d 449, 452 (10th Cir.1965). It defies logic and reason that the court may accept an information without waiver for the purpose of applying the statute of limitations, when that same document is "meaningless" for purposes of subject matter jurisdiction and prosecution.

The court held that the filing of the information did not institute it for purposes of Section 3282, and it dismissed the charges as time-barred. *Id*. at *3.  The driving principle is that the requirement of a grand-jury indictment for felonies is protected by the Constitution and may be excused if and *only if* the Appellant consents.

13

(emphasis added) If, in spite of the plain language of Rule 7, the Government is permitted to unilaterally file and then dismiss a felony information without waiver, and then charge the defendant by indictment after the statute of limitations has expired, this would grant the Government unchecked power to extend the statute of limitations for six months or more in every criminal case. That is not and cannot be the law, and would render meaningless the statute of limitations set forth in 18 U.S.C. § 3282.

## CONCLUSION

The Coronavirus pandemic does not grant the Government a free pass to ignore the statute of limitations or trounce upon the Appellant's Constitutional right to an indictment. It most certainly does not give the Government the permanent broad-reaching power it is claiming in this case, a power ultimately declined by Congress.

> "Nowhere in the Constitution is there an exception for times of emergency or crisis.  There are no ifs or buts about it. . . . [N]o emergency or crisis, not even the coronavirus pandemic should suspend . . . .any of our constitutional rights."

*Olsen*, 17-CR-76, Doc. 98, at 1 and 20 (C.D. Cal. Oct. 14, 2020).

The ability to charge by information is a statutorily granted exception to the constitutional guarantee of indictment by grand jury, and should not be extended beyond its limited use.

14

**RELIEF REQUESTED**

Wherefore, for the foregoing reasons, Appellant respectfully requests that this Honorable Court enter an order vacating the Appellant's sentence.

Respectfully Submitted,

By:   /s/ Humberto R. Domínguez
Humberto R. Dominguez
Humberto R. Dominguez, P.A.
9100 S. Dadeland Boulevard, Suite 1500
Miami, Florida 33156
Email: Bert@hdominguezlaw.com
Tel: (305) 373-6400
Bert@hdominguezlaw.com


**CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this brief complies with the type-volume limitation set forth in Fed. R. App. P. 32(a)(7)(B).

This brief contains 3,683 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Respectfully Submitted,

By:   /s/ Humberto R. Domínguez
Humberto R. Dominguez
Humberto R. Dominguez, P.A.
9100 S. Dadeland Boulevard, Suite 1500
Miami, Florida 33156
Email: Bert@hdominguezlaw.com
Tel: (305) 373-6400
Bert@hdominguezlaw.com

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that in accordance with Fed. R. App. P. 25(d) that a true copy of the foregoing Initial Brief was filed on the CM/ECF system which will then provide an electronic copy to all counsel of record on this the 13th day of March 2023.

By:    /s/ Humberto R. Domínguez
               Humberto R. Dominguez, Esq.
               Florida Bar Number: 837903